**In re Michael W. MORRIS, Debtor.**

**No. 04–33247.**

United States Bankruptcy Court, S.D. Illinois.

Oct. 6, 2004.

Mark Hunt, Mueller Associates, Edwardsville, IL, for Debtor.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion for Relief from Automatic Stay and Objection to Motion to Modify the Automatic Stay; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The material facts in this matter are not in dispute. The Debtor and his former spouse entered into a real estate sale contract, on July 13, 2001, with Movants, William Jennings and Fannie Jennings, to purchase the real estate that is the subject of Creditor's Motion for Relief from Automatic Stay. The original purchase price,

pursuant to the contract, was $42,500, with $2,500 paid as a down-payment. Pursuant to the contract, the Debtor and his former spouse were to pay the sum of $525 per month, with a balloon payment to be paid at the conclusion of the contract on July 16, 2006. When the contract was entered, the Debtor and his former spouse occupied the premises as their primary residence.

Subsequent to entering into the contract for sale of real estate, the Debtor and his former spouse commenced divorce proceedings. The Debtor's former spouse was awarded possession of the subject real estate, together with the responsibility to make payments on the contract for real estate. Pursuant to the State Court Order, the Debtor was required to vacate the subject premises in January 2004. Shortly after being awarded possession of the subject real estate, the Debtor's former spouse ceased making the monthly payments, resulting in a 30–day notice and demand for possession being served both on the Debtor and his former spouse on June 17, 2004. A copy of that notice was posted on the front door of the subject property on June 24, 2004.

No response was made to the 30–day notice and demand for possession, resulting in the Movants filing a Complaint for Forcible Entry and Detainer in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, on July 19, 2004. Prior to a judgment being rendered in the forcible entry and detainer case, the Debtor filed the instant Chapter 13 bankruptcy proceeding in which he seeks to cure all defaults under the real estate contract, maintain current payments, and retain possession.

Movants seek relief from the automatic stay, arguing that the Debtor has no equity in the subject real estate and the contract is in default and forfeited by virtue of the Debtor's failure to make payments

since March 2004. Movants also argue that the residence is not the Debtor's primary residence since he has not lived in the premises since January 2004.

In considering this matter, the Court has reviewed the applicable case law, and finds three cases that adequately address the issues raised in this matter. The Court finds that the cases of *In re Rivera*, Bankr.Case No. 92–30340 (Bankr.S.D.Ill. 1992); *In re Peabody*, Bankr.Case No. 92–30451 (Bankr.S.D.Ill.1992); and *In re Brown*, 249 B.R. 193 (Bankr.N.D.Ill.2000), specifically address the issues raised in the instant matter. Under the authority of these cases, the Court finds that the Debtor continues to have rights under the real estate sales contract and those rights are the property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541. Given these rights, the Court finds that the Debtor should have the opportunity to attempt to cure the defaults under the contract and maintain regular payments as they come due. The Debtor has proposed such a plan, which is currently set for confirmation at a later date. Given the undisputed facts of this case and the clear case authority, the Court finds that the Motion for Relief from Automatic Stay must be denied for the reason that the Movants have failed to establish a lack of adequate protection and Debtor's lack of equity in the subject real estate.

### ORDER

For the reasons set forth in an Opinion entered on the 6th day of October 2004;

IT IS HEREBY ORDERED that the Motion for Relief from Automatic Stay filed by William Jennings and Fannie Jennings is *DENIED*.